UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BEVERLEE W. PRIEST,             )
                                )
    Plaintiff,                  )
                                )
                                )
v.                              )    CAUSE NO.: 1-06-CV-65-TS
                                )
                                )
SCHINDLER & PURSLEY, INC.,      )
d/b/a OSSIAN DELI, and          )
GREGORY BRUMMER,                )
                                )
    Defendants.                 )

**OPINION AND ORDER**

**A.  Background**

The Plaintiff, Beverlee W. Priest, sued the Defendants, Schindler & Pursely, Inc., d/b/a Ossian Deli, and Gregory Brummer for discriminating against her on the basis of her sex, in violation of Title VII. Ossian Deli moved to dismiss the case in accordance with Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

Ossian Deli argues that, since the alleged discrimination occurred during her employment at Ossian Deli, the Plaintiff's exclusive remedy for any alleged injuries lies with the Indiana Worker's Compensation Act. It submits that the Plaintiff should seek relief from the Industrial Board, as this Court has no jurisdiction over the case. Hence, Ossian Deli's motion is really made pursuant to Rule 12(b)(1), which allows a party to move for dismissal if the court lacks subject matter jurisdiction. For its proposition, Ossian Deli relies on *Guess v. Bethlehem Steel Corp.*, 913 F.2d 463 (7th Cir. 1990), *Liberty Mutual Insurance Co. v. K.A.T., Inc.*, 855 F. Supp. 980 (N.D. Ind. 1994), and *Jones v. National Union Fire Insurance Co.*, 664 F. Supp. 440 (N.D. Ind. 1987).

The Plaintiff responds that she is not bound by the Worker's Compensation Act because she is not seeking damages for physical injury. The Plaintiff notes that Ossian Deli submits outdated cases that no longer reflect the state of law in Indiana. She directs the Court to *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282 (Ind. 1994), an Indiana Supreme Court cases which explicitly held that a person's claims for emotional injuries are not barred by the Worker's Compensation Act.

**B.  Standard for Dismissal**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir.1998). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999).

**C.  Discussion**

The Plaintiff is correct that her claims for sexual discrimination are not precluded by the Worker's Compensation Act. The Act states that employees who suffer personal injury or death by accident must pursue a remedy exclusively within the bounds of the Act. Ind. Code § 22-3-2-6. In interpreting that language, the Indiana Supreme Court held in *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282 (Ind. 1994) that, where the injuries at the heart of the complaint are not physical, and

2

there is no impairment or disability, which denote a loss of employee's physical functions, a plaintiff's claims are not barred by the exclusive remedy clause of the Act. *Id.* at 1288–89. This holding has been recognized and enforced by subsequent cases in the Seventh Circuit. *See, e.g., McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1166 (7th Cir. 1997) (agreeing with the district court that Worker's Compensation Act does not bar employee's action against former employer for intentional infliction of emotional distress, where employee did not seek damages for physical injuries); *Nolen v. South Bend Public Transp. Corp.*, 99 F. Supp. 2d 953, 965 (N.D. Ind. 2000) ("The Worker's Compensation Act would not strip subject matter jurisdiction to entertain an action for intentional infliction of emotional distress where the plaintiff does not seek damages for physical injuries."). Since the Plaintiff is seeking damages for emotional, not physical, injuries, resulting from the alleged sexual discrimination, the Court has subject matter jurisdiction.

The pre-*Perry* cases that Ossian Deli relies on are not controlling, and it has not submitted any relevant post-*Perry* cases. In short, it states no basis for its proposition that the Court lacks subject matter jurisdiction in this case.

## CONCLUSION

Because the Court has jurisdiction over this case, the Court denies Defendant Ossian Deli's motion to Dismiss [DE 17].

SO ORDERED on August 22, 2006.

            S/ Theresa L. Springmann
            THERESA L. SPRINGMANN
            UNITED STATES DISTRICT COURT