UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BEVERLEE W. PRIEST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:1:06-CV-65 |
| | ) | |
| ROBERT "GREGORY" BRUMMER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on the Plaintiff's Motion for Fees, Costs, and Expenses filed on September 21, 2007, and is related to the granting of a Motion to Compel on September 17, 2007. (Docket #70, 71.)  According to an Affidavit filed by attorney Ilene M. Smith in support of the motion, the Plaintiff is seeking $220.75 in attorney fees and $13.34 in photocopy expenses and postage for a total of $234.09.  (Docket #73.)  On September 17, 2007, the Court, in anticipation of such a motion, entered an order granting the Defendant, Robert "Gregory" Brummer ("Brummer"), until October 1, 2007, to file an objection to the Plaintiff's motion.  No objection has been filed.  For the reasons provided, the Motion will be granted in part and denied in part.

### II. BACKGROUND

All that remains of this case is a claim of co-worker sexual harassment against the *pro se* Defendant, Brummer, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000.  On February 16, 2007, the Plaintiff by counsel served upon the Defendant a First Set of Interrogatories, Requests for Production of Document and Things, and Requests for Admissions.  When no responses were forthcoming, counsel for the Plaintiff sent a letter to Brummer, but when even that reminder yielded no

response, the Plaintiff filed a Motion to Compel.  (Docket #66.)

On September 6, 2007, the Court set the Motion to Compel for hearing for September 17, 2007, and ordered both counsel for the Plaintiff and Brummer to be present in person.  Brummer was warned in that order that if he failed to appear, the Motion might be granted and that sanctions could thereafter be imposed if he failed to comply with such a discovery order.  (Docket #68.)  Although counsel for the Plaintiff was present at the hearing, Brummer failed to appear, and after hearing the statements of counsel, the Court took the motion under advisement.

On September 17, 2007, the Court granted the Motion to Compel and ordered Brummer to serve and file responses to the Plaintiff's Interrogatories and Requests for Production by October 1, 2007.  No responses have been filed.

Accordingly, this matter is before the Court on the Plaintiff's request for fees and expenses.  In the Court's Order of September 17, 2007, Brummer was advised that if he failed to file an objection, it could result in the Court granting the relief sought in the motion.  (Docket #70.)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a)(4) governs the imposition of expenses and sanctions related to a motion to compel.  It provides, in pertinent part:

> (A) If the motion is granted . . . the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4).  This Rule "presumptively requires every loser to make good the victor's costs."  *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994).  Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to

2

heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87.

### IV. DISCUSSION

In the instant case, the Court granted the unopposed motion to compel, and even though Brummer was afforded an opportunity to be heard on the corresponding request for fees and expenses, he has apparently chosen to remain silent, suggesting that he has no objection. Moreover, he has offered no argument that his nondisclosure was justified.

Nevertheless, the Court still must be satisfied that the amount requested in obtaining the order on the motion to compel is reasonable, and indeed, the attorney fee claim does appear to be reasonable, both as to the hourly rate, as well as the hours expended. *E.g., People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (applying the lodestar approach); *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983). Consequently, the resulting lodestar yields a reasonable fee award of $220.75.

In order to recover postage and photocopy expenses, however, the Plaintiff must show that they were necessary and reasonably incurred. *Howard v. Terry*, 2007 WL 1231805, *2 (E.D. Wis. April 25, 2007). The Plaintiff, however, does not tell us anything about the copying costs she seeks to have assessed, such as when or why they were incurred, the number of pages copied or the per page charge, and thus we have no way of determining whether the copying expenses are reasonable. *Cochran v Abbett*, 2007 WL 1560268, *3 (N.D. Ind. May 29, 2007) (*citing Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (requiring parties to submit the "best breakdown obtainable from retained records" of the photocopying costs). Similarly, a review of the exhibit attached to attorney Smith's affidavit does not tell us when or what postage

expenses were incurred in obtaining the September 17, 2007, order.

Accordingly, since Rule 37(a)(4)(A) mandates an award for only those expenses that were reasonably incurred in making the motion, and since we cannot determine here what postage expenses were incurred or what copying was done, those expenses will not be awarded.  If the Plaintiff desires to renew her motion for those expenses, she may do so on or before October 10, 2007.  Brummer shall have to and including October 22, 2007, to object.

## V. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Fees, Costs, and Expenses is GRANTED in part and DENIED in part and the Defendant shall pay the Plaintiff attorney fees in the amount of $ 220.75 for the costs incurred in filing her Motion to Compel.  The request for postage and copying costs is denied, provided, however, that the Plaintiff is granted leave to file a renewed motion for copying and postage costs on or before October 10, 2007.  Brummer shall have to and including October 22, 2007, to object.  The Clerk is directed to send a copy of this order to the Defendant at both P.O. Box 53, Ossian, IN 46777, and 208 ½ South Jefferson, Ossian, IN 46777.

SO ORDERED.

Enter: October 3, 2007　　　　　　　　　　　　　　　S/Roger B. Cosbey
　　　　　　　　　　　　　　　　　　　　　　　　　　Roger B. Cosbey
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge